900 July 29, 2026 No. 730

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of A. G.-W.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*
*and*

A. G.-W.,
*Respondent,*

*v.*

A. L. W.,
*Appellant.*

Benton County Circuit Court
23JU04058; A189018 (Control)

In the Matter of A. G.-W.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*
*and*

A. G.-W.,
*Respondent,*

*v.*

J. E. G.,
*Appellant.*

Benton County Circuit Court
23JU04058; A189015

Matthew J. Donohue, Judge.

Submitted June 17, 2026.

Aron Perez-Selsky filed the brief for appellant mother.

Dan Rayfield, Attorney General, Paul L. Smith, Solicitor General, and Emily N. Snook, Assistant Attorney General, filed the brief for respondent Department of Human Services.

Christa Obold Eshleman and Youth, Rights & Justice filed the brief for respondent A. G.-W.

Shannon Storey, Chief Defender, Juvenile Appellate Section, and Kyle Sessions Vazquez, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant J. E. G.

Before Shorr, Presiding Judge, Powers, Judge, and Leith, Senior Judge.

PER CURIAM

Affirmed.

**PER CURIAM**

In this consolidated juvenile dependency case, mother and father appeal from a judgment in which the juvenile court changed the permanency plan from reunification to adoption for their child, A, who was two years old at the time of the permanency hearing. In mother's sole assignment of error and father's two assignments of error, parents challenge the court's rulings that the efforts of the Oregon Department of Human Services (ODHS) were reasonable and in changing A's plan away from reunification. As explained below, we affirm.

Neither mother nor father has requested that we review *de novo*, and we do not exercise our discretion to engage in such review in this case.[1] Accordingly, we are bound by the juvenile court's findings of historical fact—including what reunification efforts ODHS made and what actions the parents took—if there is any evidence in the record to support those findings. *Dept. of Human Services v. Y. B.*, 372 Or 133, 151, 546 P3d 255 (2024). We review the juvenile court's determinations that ODHS's efforts have been reasonable for errors of law. *Dept. of Human Services v. T. R. P.*, 344 Or App 375, 377, 580 P3d 365 (2025).

Except in specific circumstances not applicable here, the juvenile court is authorized to change a child's permanency plan from reunification to adoption if the proponent of that plan change, typically and in this case ODHS, proves that ODHS's efforts to reunify the parent and child have been reasonable and that, despite those reasonable efforts, the parent's progress toward reunification has been insufficient.[2] ORS 419B.476(2)(a); *Dept. of Human Services v. L. M. K.*, 319 Or App 245, 252, 510 P3d 278 (2022). Both ODHS's efforts

---

[1] *See* ORS 19.415(3)(b) ("Upon an appeal in an equitable action or proceeding other than an appeal from a judgment in a proceeding for the termination of parental rights, the Court of Appeals, acting in its sole discretion, may try the cause anew upon the record or make one or more factual findings anew upon the record."); ORAP 5.40(8)(c) (providing for the exercise of that discretion only in "exceptional cases"); ORAP 5.40(8)(d) (identifying nonexclusive considerations that may be relevant to our decision whether to exercise *de novo* review).

[2] Under ORS 419B.340(5), the juvenile court may relieve ODHS of its obligation to make reunification efforts in cases in which there are "aggravated circumstances," the parent has committed certain crimes, or the parent's rights to another child have been terminated.

and a parent's progress "are evaluated by reference to the facts that formed the bases for juvenile court jurisdiction." *Dept. of Human Services v. N. T.*, 247 Or App 706, 715, 271 P3d 143 (2012). That is, the court may rely on only those facts that are "explicitly stated or fairly implied by the jurisdictional judgment" in making its determinations regarding ODHS's reunification efforts and the parent's progress. *Id.* at 715-16. As noted above, parents have challenged only ODHS's reunification efforts and do not challenge the juvenile court's determination that their progress was insufficient.

ODHS's reunification efforts are "reasonable" when they "focus on ameliorating the adjudicated bases for jurisdiction" and "give parents a reasonable opportunity to demonstrate their ability to adjust their conduct and become minimally adequate parents." *Dept. of Human Services v. L. L. S.*, 290 Or App 132, 138, 413 P3d 1005 (2018) (internal quotation marks omitted).

Having reviewed the record, we conclude that the juvenile court did not err in determining that ODHS had made reasonable efforts to reunify mother and father with A. As articulated in ODHS's brief, the jurisdictional bases for mother included mental health issues and substance abuse, and caseworkers referred mother to substance abuse treatment programs, mental health programs, and parenting services, among other services. Similarly, the jurisdictional bases for father included lack of parenting skills and substance abuse, and caseworkers offered him substance abuse programs and parenting services. Viewed as a whole, the record provides sufficient evidence for the juvenile court to conclude that ODHS made reasonable efforts.

In short, because we reject mother's and father's arguments that ODHS did not provide reasonable efforts, we conclude that the juvenile court did not err in changing A's permanency plan from reunification to adoption.

Affirmed.